**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TIFFANY ZETZER**, on behalf of herself and all others similarly situated, | ) ) ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| vs. | ) ) | **JURY DEMAND ENDORSED HEREON** |
| **CROWN BATTERY MANUFACTURING COMPANY**, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tiffany Zetzer ("Plaintiff"), on behalf of herself and all others similarly situated, for her collective and class action Complaint against Defendant Crown Battery Manufacturing Company ("Defendant"), states and allege as follows:

## INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code Chapter 4111, and Ohio Revised Code 4113.15.

2.      Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of [her]self or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to § 216(b) (the "Opt-Ins").

3.      Plaintiff also brings this case as a class action pursuant to Civ. R. 23 to remedy violations of the OMFWSA and of Ohio Revised Code (R.C.) 4113.15 on behalf of other similarly situated employees employed by Defendant in Ohio (the "Class").

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6.      The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7.      Plaintiff is an adult individual residing in Port Clinton, Ohio, in Ottawa County.

8.      Plaintiff was employed by Defendant as a non-exempt hourly employee from approximately December 20, 2021, through approximately August 5, 2022.

9.      At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), R.C. 4111.03(D)(3), and R.C. 4113.15.

10.     At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

11.     Plaintiff's written Consent to Join this Action is attached hereto as **Exhibit A**.

12.     Defendant Crown Battery Manufacturing Company is an Ohio for-profit corporation that can be served via its statutory agent: Hal Hawk, at 1446 Majestic Drive, Fremont, OH 43420.

13.    At all relevant times, Defendant was an employer within the meaning of R.C. 4111.03(D)(2), and R.C. 4113.15.

14.    At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## FACTUAL ALLEGATIONS

15.    Plaintiff and others similarly situated are or were employed by Defendant in the manufacturing of batteries.

16.    Job duties of Plaintiff and others similarly situated involved working with and around corrosive battery acid.

17.    Plaintiff and others similarly situated we non-exempt hourly employees of Defendant.

18.    Plaintiff's job title was specialty shipping/machine operator. Though Plaintiff was originally placed with Defendant through a temp agency, Defendant has also been her employer throughout all times relevant to this Complaint.

19.    Plaintiff and others similarly situated were required to arrive to work approximately 15 minutes early to don uniforms, and other gear such as steel toed boots, glasses, and rubber gloves.

20.    Defendant required Plaintiff and others similarly situated to don their uniforms at work because of the corrosive nature of battery acid, which can eat through clothing. For example, Defendant's handbook provides that "[f]ootwear is to be kept at Crown Battery. Upon leaving employment with the Company, safety shoes may be removed from the Company but are expected to be washed with soap and water prior to wearing away from the Company. Employees not wearing proper foot protection will receive disciplinary action."

21.    At the end of their shifts, Plaintiff and others similarly situated were given 15 minutes to doff their uniforms and to shower. However, if doffing and showering work took longer because

of various reasons, including waiting on a shower stall, Defendant did not pay Plaintiff and others similarly situated for any time beyond the allotted 15 minutes.

22.     Defendant did not pay Plaintiff and others similarly situated for the time spent donning their uniforms and other gear, and related walking and waiting at the start of their shifts, and did not pay for all time spent doffing and showering at the ends of their shifts. Instead, Defendant paid Plaintiff and others similarly situated only from their shift start time to shift end time, even when punching in 7 minutes or 10 minutes before their shifts. Defendant records hours as full numbers on paystubs, strongly suggesting that Plaintiff and others similarly situated were paid only from their shift start times to their shift end times. For example, for the pay period of April 3-9, 2022, Plaintiff's paystub shows exactly 42.50 hours, and for the pay period of April 17-23, 2022, Plaintiff's paystub again shows exactly 42.50 hours.

23.     Additionally, Defendant's handbook provides that "[a]ll employees are required to be at their work stations and ready to work by the indicated starting times."

24.     This pre- and post-shift work, along with the related walking and waiting, should have been paid.

25.     Defendant had a company-wide policy that this work had to be completed at Defendant's facilities.

26.     It would be impossible for Plaintiff and those similarly situated to perform their work duties unless they first donned their uniforms and other gear. Therefore, these tasks were integral and indispensable to the work they are hired to do.

27.     Donning their uniforms and other gear were intrinsic elements of their work activities and ones in which they cannot dispense if they are to perform their principal activities. Unless Plaintiff

and others similarly situated did not first don their uniforms and other gear, they could not complete the rest of their work

28.    Donning their uniforms and other gear constituted their first principal activities of the day and were components of the work they are hired to do.

29.    Additionally, doffing their uniforms and gear, and showering, at the end of their shifts were integral and indispensable to the work they are hired to do.

30.    Doffing their uniforms and gear, and showering, were intrinsic elements of their work activities and ones in which they cannot dispense if when performing their principal activities.

31.    Doffing their uniforms and gear, and showering, constituted their last principal activities of the day and were components of the work they are hired to do.

32.    Donning and doffing uniforms and gear, showering, and related walking and waiting time, are integral and indispensable to the work performed by Plaintiff and those similarly situated. Therefore, this was compensable work time within the meaning of the FLSA and Ohio law.

33.    Plaintiff and other similarly situated employees were non-exempt employees under the FLSA and Ohio law and were paid an hourly wage.

34.    Plaintiff and other similarly situated employees, as full-time employees, regularly worked 40 or more hours in a workweek in the last three years, including the unpaid time described above.

35.    As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of 40 each workweek and were not paid all wages earned on a semi-monthly basis.

36.     Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA, the OMFWSA, and R.C. 4113.15.

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

38.     The collective that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former hourly battery production employees of Crown Battery Manufacturing Company who worked 40 or more hours during a workweek at any time during from three (3) years preceding this Complaint through final disposition of this matter**.

39.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid overtime and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

40.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this action pursuant to Civ. R. 23(a) and (b)(3) on behalf of herself

and a class of persons employed by Defendant in Ohio defined as:

> **All current and former hourly battery production employees of Crown Battery Manufacturing Company, who worked in Ohio, and who worked 40 or more hours during a workweek at any time during from two (2) years preceding this Complaint through final disposition of this matter.**

42.     The Class is so numerous that joinder of all class members is impracticable. Plaintiff

is unable to state the exact size of the potential Class but, upon information and belief, avers that it

consists of approximately 250-300 people.

43.     There are questions of law or fact common to the Class including: whether Defendant

failed to pay its employees for all time spent donning and doffing uniforms and gear; whether

Defendant failed to pay all time spent showering; whether Defendant failed to pay for related travel

and waiting; whether Defendant failed to pay all overtime earned; and whether Defendant failed to

pay the Class wages on a semi-monthly basis as required by R.C. 4113.15.

44.     Plaintiff will adequately protect the interests of the Class. Her interests are not

antagonistic to but, rather, are in unison with, the interests of the Class members. Plaintiff's counsel

has broad experience in handling class action wage-and-hour litigation and is fully qualified to

prosecute the claims of the Class in this case.

45.     The questions of law or fact that are common to the Class predominate over any

questions affecting only individual members. The primary questions that will determine Defendant's

liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over

any questions affecting only individual class members.

46.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy. Requiring Class members to pursue their claims individually would

entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Civ. R. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

47.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48.     Plaintiff and other similarly situated employees were not paid for all time spent donning and doffing uniforms and other gear, showering, and related walking and waiting.

49.     Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

50.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work time resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

51.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

52.     As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

53.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

54.     Plaintiff and other similarly situated employees were not paid for all time spent donning and doffing uniforms and other gear, showering, and related walking and waiting.

55.     Plaintiff and other similarly situated employees regularly worked 40 or more hours per workweek for Defendant.

56.     Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all work time resulted in Defendant's failure to pay Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek, in violation of the OMFWSA, R.C. 4111.03(A).

57.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the OMFWSA.

58.     As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## COUNT THREE
### (Failure to Pay Wages on a Semimonthly Basis)

59.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

60.     R.C. 4113.15(A) requires that Defendant pay Plaintiff and the Class all wages on or before the first day of each month, for wages earned during the first half of the preceding month

ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

61.     There is no dispute that Defendant has an obligation to pay employees for all hours worked. However, Defendant did not pay Plaintiff and the Class for all time spent donning uniforms and other gear, doffing uniforms and other gear, showering, and related walking and waiting.

62.     Plaintiff and the Class member's unpaid wages have remained unpaid for more than 30 days beyond their regularly scheduled payday in violation of R.C. 4113.15(A)

63.     Plaintiff and the Ohio Class are entitled to unpaid wages and liquidated damages pursuant to R.C. 4113.15(A).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B.     Certify this case as a Rule 23 class action;

C.     Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.     Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class actual damages for unpaid wages;

E.     Award Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative collective;

F.     Award Plaintiff and the Class liquidated damages in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Class Member, whichever is greater;

G.     Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class pre-judgment and post-judgment interest at the statutory rate;

H.      Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class attorneys' fees, costs, and disbursements; and

I.      Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class further and additional relief as this Court deems just and proper.

Respectfully Submitted,

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
**NILGES DRAHER LLC**
1360 East 9th Street, Ste. 808
Cleveland, OH 44114
Telephone:     (216) 230-2944
Facsimile:     (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*

*Counsel for Plaintiff*