IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TIFFANY ZETZER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROWN BATTERY MANUFACTURING COMPANY,<br><br>Defendant. | CASE NO. 3:22-CV-02329-DAC<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL** |

   Plaintiff Tiffany Zetzer ("Named Plaintiff"), on behalf of herself and of the Opt-in Party Plaintiffs (collectively, the "Plaintiffs"), and Defendant Crown Battery Manufacturing Company ("Defendant") (all collectively, the "Parties") have filed a joint motion seeking approval of the settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and Ohio state law, to approve the requested Service Awards (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement")), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement (ECF #59) ("Joint Motion"), and to approve Plaintiffs' Counsel's requested fees and costs (as defined and outlined in the Agreement). On August 19, 2024, the Parties consented to my exercising jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) and Local Civil Rule 72.1.

   Having reviewed the Agreement, the Parties' Joint Motion, the declarations appended thereto, and the pleadings and papers on file in this case, and for good cause established therein, I hereby approve settlement as provided in the Agreement as follows:

   1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On December 28, 2022, Named Plaintiff filed a wage and hour collective action Complaint against Defendant in the United States District Court for the Northern District of Ohio, Western Division, *Tiffany Zezter v. Crown Battery Manufacturing Company*, with Case No. 3:22-cv-02329 (the "Action"). In the Action, Named Plaintiff asserted claims against Defendant, on behalf of herself and others similarly situated, under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Revised Code Chapter 4111, and Ohio Revised Code § 4113.15. Specifically, the Action alleges that Defendant violated the FLSA and Ohio law by failing to pay Named Plaintiff, and others similarly situated, overtime compensation for all time spent donning and doffing uniforms and gear, showering, and related walking, travel and waiting, as well as failing to pay wages on a semi-monthly basis. The Action also involves Defendant's alleged improper time clock rounding policy and practice, all of which allegedly resulted in Named Plaintiff and others similarly situated not being paid all of their overtime compensation in violation of the FLSA and Ohio law.

3. On February 13, 2023, Defendant filed its Answer in which it denied all material allegations and denied that it violated the FLSA and/or any state wage and hour laws. Defendant continues to deny any liability.

4. To avoid the burden, expense, risks and uncertainly of litigation, the Parties agreed to engage in arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. On November 15, 2023, the Action was stayed pending the outcome of mediation.

5. On February 26, 2024, the Parties mediated before me. I held a subsequent mediation on August 16, 2024, and Settlement was achieved. Prior to the second mediation, the Parties engaged in substantial discovery, including a Rule 30(b)(6) deposition of Defendant, and Defendant deposing Named Plaintiff and several Opt-in Plaintiffs.

6. Before me is the Parties' Joint Motion.

7. Settlement of FLSA claims is subject to court approval.

8. At the time of Settlement, 304 Opt-In Party Plaintiffs, including Named Plaintiff, filed Consent to Join forms with the court.

9. The Agreement provides for collective-wide settlement, notice to Plaintiffs, and distribution of payments as outlined in the Agreement.

10. I approve as fair, reasonable, and adequate settlement of the claims made pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and settlement of claims brought under Ohio law as outlined in the Agreement. For purposes of this Approval Order, I further incorporate by reference the terms and definitions as set forth in the Agreement.

11. I approve the content, form, and distribution of the Notice of Settlement as outlined in the Agreement.

12. I approve the Service Awards for Named Plaintiff and certain Opt-In Party Plaintiffs in recognition of their services in this Action and as provided in the Agreement.

13. I approve the payment of Plaintiffs' Counsel's attorneys' fees and litigation costs as provided in the Agreement. Plaintiffs' Counsel has significant experience litigating wage and hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

14. I order that Settlement be effectuated in the manner, and subject to the terms and conditions, set forth in the Agreement.

15. I dismiss, with prejudice, the claims in the Action and as provided in the Agreement.

16. I find there is no just reason for delay and direct the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

17. The court retains jurisdiction over the Action to enforce the terms of the Agreement.

**IT IS SO ORDERED** this 24th day of September 2024.

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE